UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v. )<br>)<br>RAFAEL TORRES, )<br>   Defendant )<br>) | Cr. No. 21-CR-10118-IT |

**RAFAEL TORRES'S OPPOSITION TO THE GOVERNMENT'S PROPOSED EXHIBITS REGARDING EVIDENCE SEIZED DURING THE SEARCH OF HIS HOME**

Rafael Torres, defendant in the above-captioned matter, respectfully submits this objection to the Government's proposed exhibits regarding evidence seized during the search of his home, proposed exhibit numbers 273 – 300. Of those exhibits, Mr. Torres does not object to the following exhibits:

1. Exhibit # 273 – diagram of Mr. Torres's house

2. Exhibit #s 295-298 – photographs of Mr. Torres's truck

3. Exhibit #s 291-294 - photographs of Mr. Torres's identification

Mr. Torres objects to the remaining proposed exhibits, which can be put into three categories[1]: 1. Computers, 2. Cell phones, 3. Identification of other people.

**I.    Evidence of computers is not relevant.**

There is no relevance to the fact that computers were found in Mr. Torres's home. There have been no allegations that computers were used during the course of and in furtherance of the conspiracy. There will be no opinion testimony that the

---

[1] The government has agreed that it will not be offering the following exhibits: 274, 278, 279, 280, 283, 284, 285.

computers were in any way related to the charged conspiracy. As a result, they are not relevant.

## II.     Evidence of cellphones is not relevant.

The fact that multiple cellphones were discovered in Mr. Torres's home is not relevant. There are allegations that Mr. Torres used one cellphone during the course of the alleged conspiracy. In fact, only one cellphone belonging to Mr. Torres was wiretapped by the government. Unlike with Larios, there is no evidence that Mr. Torres used multiple phones during the course of, or in furtherance of, the alleged conspiracy.

Even if there was such evidence, there is no evidence that any of the cellphones discovered in the home were actually used during the conspiracy. None of these phones were wiretapped. There is no evidence of discussion regarding these specific phones. No records have been produced for these phones, so it is unknown who owned and operated them. Further, Mr. Torres was not the only person who lived in this home. There is thus no evidence that these phones belonged to Mr. Torres as opposed to someone else living in the home.

Without some connection between these phones and the charged conspiracy, they are not relevant. The government cannot rely exclusively on a law enforcement agent's opinion that drug trafficking organizations commonly use multiple phones in order to establish relevance. On the contrary, the government must first connect the specific phones to the alleged conspiracy before any law enforcement opinion can render them relevant.

### III. Evidence that other peoples' identifications were found in Mr. Torres's house is not relevant.

Mr. Torres has no objection to the fact that his own identification was found in the home. However, there is no relevance to the fact that other people's identifications were found in the home. None of these individuals are alleged to be coconspirators. None of these individuals are alleged to have taken part in any aspect of the charged conspiracy such that there is corroborative value to the fact that their identifications were found in the home. As such, they are irrelevant.

Respectfully Submitted,
**RAFAEL TORRES**
By his attorney,

/s/ Jessica Hedges
Jessica Hedges
BBO No. 645847
Hedges & Tumposky, LLP
88 Broad St., Suite 101
Boston, MA 02110
T)617/722-8220
F)617/507-8116

### CERTIFICATE OF SERVICE

I, Jessica Hedges, hereby certify that on this 27th day of June, 2023, I served one true and correct copy of this motion, through e-mail, on all counsel of record in this matter.

/s/ Jessica Hedges
Jessica Hedges